UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11

NEVIOT REALTY HOLDINGS, LLC                               Case No. 10-10705 - SMB

                        Debtor.
------------------------------------------------------------x

## MOTION SEEKING (i) TURNOVER OF PROPERTY AND ALL RELATED BOOKS AND RECORDS; (ii) AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND A STATEMENT OF FINANCIAL AFFAIRS; AND (iii) ULTIMATELY PERMISSION TO USE CASH COLLATERAL

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Neviot Realty Holdings, LLC (the "Debtor"), by its attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for its motion seeking (i) a turnover of property, together with all related books and records from the Debtor's prior owner; (ii) an extension of time to file schedules of assets and liabilities and statements of financial affairs; and (iii) ultimately permission to use cash collateral, respectfully alleges and shows this Court as follows:

### BACKGROUND FACTS

1. On February 11, 2010, the Debtor acting by Wadsworth Equities Holding LLC ("Wadsworth") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and thereafter continues to function as a debtor-in-possession, although not in the conventional sense which is the impetus for this motion.

2. More particularly, the Debtor owns a 292 unit fractured condominium complex located at 7855 East Fletcher Avenue, Tampa, Florida (the "Property"). Approximately 159 units are still owned by the Debtor as the original sponsor and are rented to tenants under various types of residential leases. The balance of the units have been sold to third party owners/occupants.

3. Prior to bankruptcy, the Debtor's Property was operated by an individual known as Mordechai Boaziz ("Boaziz"), who pledged his 100% equity interest in the Debtor to Wadsworth to collateralize a mezzanine loan in the sum of $2,200,000.

4. As events unfolded, the Debtor defaulted on the mezzanine loan. Wadsworth acted to foreclose under its pledge agreement, ultimately succeeding to the equity interest of Boaziz, as the sole member and manager of the Debtor pursuant to a foreclosure sale, within days of the Chapter 11 filing.

5. Although it did not challenge the foreclosure sale, Mr. Boaziz remains in possession and management of the Debtor. Accordingly, Wadsworth requires the Bankruptcy Court intervention to assume full control of the Debtor's affairs, including overseeing day-to-day management.

6. The Property remains subject to senior mortgages held by New York Community Bank ("NYCB") in the approximate sums of $9,674,645.04 and $2,093,965.74 (collectively, the "Senior Debt").

7. The Senior Debt was in default at the time of the Chapter 11 filing as well. NYCB previously commenced foreclosure proceedings in Florida which were stayed by virtue the filing of the instant Chapter 11 proceeding.

### ASCENDENCY OF WADSWORTH AS THE DEBTOR'S CURRENT MEMBER/MANAGER

8. The Debtor entered into a mezzanine loan with Watsworth in October of 2007 to borrow up to $3.0 million to be funded in various traunches. After an initial funding of $2.2 million, the Debtor fell into default beginning on or about October, 2008.

9. Following issuance of a notice of default, the Debtor adopted a strategy that the best defense was a good offense, and sued Wadsworth as the mezzanine lender under a theory that it did not fully fund the mezzanine loan. Wadsworth counterclaimed against the Debtor and Mr. Boaziz for recovery of the unpaid mezzanine loan, unpaid interest and late fees. Wadsworth was eventually granted summary judgment while the state court also denied Boaziz's efforts to obtain injunctive relief. Copies of the pre-petition state court decisions are annexed hereto as Exhibits "A" and "B".

10. Following issuance of summary judgment, the Clerk of the Supreme Court entered a formal judgment in favor of Wadsworth on its counterclaims against the Debtor and Mr. Boaziz, totaling $2,703,155, on December 3, 2009. A copy of this judgment is annexed hereto as Exhibit "C".

11. Armed with its judgment, Wadsworth pursued steps to conduct a sale of Mr. Boaziz's equity interest in the Debtor, in accordance with the provisions of

3

the Uniform Commercial Code. An auction sale was completed on February 1, 2010 as per the attached notice of sale annexed hereto as Exhibit "D".

12. By virtue of the auction sale, Wadsworth became the new owner of 100% of the Debtor's equity and became authorized to act on the Debtor's behalf and commence Chapter 11 proceedings.

## SPECIFIC RELIEF REQUESTED

13. The Debtor requests three forms of relief from this Court. First and foremost, the Debtor seeks a turnover of actual possession of the Property from Mr. Boaziz and his managing agent, together with all related books, records, tenant and lease files, bank account records and all other leasing and operating information (collectively, the "Books and Records"). At this juncture, Mr. Boaziz and his agents are in physical custody and control of the Property and Books and Records, and must deliver and turnover the same pursuant to Section 542(a) of the Bankruptcy Code, which provides:

> "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the Debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate".[1]

14. It is self-evident that without access to the Property, together with all Books and Records, Wadsworth, on behalf of the Debtor's estate, cannot move forward with the overall rehabilitation and restructuring of the underlying Senior Debt or

---

[1] Wadsworth can proceed by notice of motion as opposed to adversary proceeding, since the instant motion effectively seeks the debtor (i.e. the pre-petition entity) to turn-over property to the debtor-in-possession as trustee for purposes of the proviso in Bankruptcy Rule 7001(1) allowing a "trustee" to obtain a turnover from the "debtor" without an adversary proceeding.

4

otherwise perform its obligations as a fiduciary under Chapter 11 of the Bankruptcy Code. Accordingly, an immediate turnover is warranted so that proper administrative and legal functions can proceed.

15. In conjunction with the requested turnover, the Debtor also seeks an extension pursuant to Bankruptcy Interim Rule 1007-1, to file its bankruptcy schedules and statement of financial affairs for a period of ten (10) business days after it obtains all Books and Records from Mr. Boaziz and/or Atlantic and Pacific Management (the prior managing agent). The Debtor is without current information to make accurate and complete filings. Thus, cause exists for an extension based upon Wadsworth's lack of immediate access to necessary documentation.

16. Upon receiving all operating information and records, the Debtor will then be in a position to formulate an appropriate go-forward operating budget, and hopefully can reach an agreement with NYCB that allows for the consensual use of cash collateral. In the meantime, however, the Debtor requests authorization to use cash collateral under §363(c) of the Bankruptcy Code to pay necessary operating expenses for the Property such as insurance, debt service to NYCB, taxes, repairs and maintenance on the 159 sponsor units. As noted above, the Debtor derives monthly income from approximately 159 units at the Property, which should be sufficient to maintain the units and provide debt service to NYCB.

## NOTICE

17. The Debtor does not have a complete list of creditors, but intends to serve this motion on the United States Trustee, NYCB and its counsel, Mr. Boaziz and Atlantic and Pacific Management.

WHEREFORE, the Debtor prays for relief consistent with the foregoing, together with such other and further relief as this Court may deem just and proper, all for which no previous application has been made.

Dated: New York, New York
February 24, 2010

> GOLDBERG WEPRIN
> FINKEL GOLDSTEIN LLP
> *Attorneys for Debtor*
> 1501 Broadway, 22nd Floor
> New York, New York 10004
> (212) 221-5700
>
> By: *[signature]*
> Neal M. Rosenbloom (NMR-5465)
> A Member of the Firm